## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA
## CIVIL MINUTES

| Case Title : | James Charles Fry and Beth Marie Fry | Case No : | 13–32861 – E – 13C |
|---|---|---|---|
| | | Date : | 02/03/2015 |
| | | Time : | 03:00 |

| Matter : | [123] – Order to Appear Re: 108 Motion/Application to Approve Loan Modification ; Hearing to be held on 12/16/2014 at 03:00 PM at Sacramento Courtroom 33, Department E. [RHS–1] (lars) |
|---|---|

| Judge : | Ronald H. Sargis | Courtroom Deputy : | Janet Larson |
|---|---|---|---|
| Department : | E | Reporter : | Diamond Reporters |

**APPEARANCES for :**
**Movant(s) :**
**Respondent(s) :**
          Debtor(s) Attorney – Peter G. Macaluso
          Talvinder Bambhra (for the Trustee)
(by phone)   Creditor's Attorney – Nathan Smith, Dave Schwartz

ORDER TO SHOW CAUSE was :
Discharged
See Findings of fact and conclusions of law below

The court will issue a minute order.

The Order to Appear was served by the Clerk of the Court on Debtors attorney, Creditor, United States Trustee, and other such other parties in interest as stated on the Certificate of Service on November 5, 2014, 2014. The court computes that 41 days notice has been provided.

The courts decision is to Discharge the Order to Appear.

The court issued an Order to Appear on November 5, 2014. Dckt. 123.

ORDER TO APPEAR

The court has been presented with a Motion to Approve a Loan Modification between James and Beth Marie Fry, the consumer Debtors, and Green Tree Servicing, LLC. Motion, DCN: PGM–5, Dckt. 108. The document titled Loan Modification Agreement is provided as Exhibit A, Dckt. 111, which makes the following representations and statements:

a.THIS INFORMATIONAL NOTICE IS NOT AN ATTEMPT TO COLLECT A DEBT. IF YOUR LOAN WAS DISCHARGED IN BANKRUPTCY WITHOUT A REAFFIRMATION, GREEN TREE IS NOT ATTEMPTING TO COLLECT OR RECOVER THE DISCHARGED DEBT AS YOUR PERSONAL LIABILITY.

b.The Loan Modification Agreement is between the Debtors and Green Tree Servicing LLC (Lender).

c.The amount payable under the Note and Security instrument is $109,774.61, and a payment schedule is specified.

d.The Loan Modification Agreement is executed by Green Tree Servicing, LLC as Lender, and does not

purport to enter into the Loan Modification Agreement as the agent of any other person.

This court on prior occasions has ordered Green Tree Servicing, LLC and its attorneys to appear and address whether it was the actual creditor in the bankruptcy case or the loan servicer. It has been presented to the court that Green Tree Servicing, LLC is the loan servicer not the Creditor, as defined in 11 U.S.C. § 101(10) and (5) to whom the obligation is owed. This court has ordered Green Tree Servicing, LLC to accurately identify the creditor on all proofs of claims and pleadings filed in bankruptcy cases nationwide. Further, this court ordered that Green Tree Servicing, LLC not misrepresent that a claim has been transferred to it when Green Tree Servicing, LLC merely acquires the loan servicing rights from another loan servicer.

Several of the cases and orders issued thereon by this court include the following: Edwin and Cynthia Crane, Case No. 11–27805, see Civil Minutes, Dckt. 111 and Order, Dckt. 124, filed February 14, 2012; Hohn W. and Susan Jones, Case No. 11–31713, see Response, Dckt. 100, Declaration, 4, 5, 7, 8, Dckt. 102, In the prior cases Green Tree Servicing, LLC clearly presented to the court that it was the servicer for the creditor, not the creditor, as that term is defined in 11 U.S.C. § 101(10) and (5).

When Green Tree Servicing, LLC presented itself as a creditor in the present case, there was no basis shown for Green Tree Servicing, LLC, a self admitted loan servicing company, presenting itself as the creditor in this case for the obligation which is the basis for Proof of Claim No. 5. The Deed of Trust attached to Proof of Claim No. 5 identifies the Lender (as the defined term in the Deed of Trust) to be GMAC Mortgage Corporation DBA ditech.com. The Note attached to Proof of Claim No. 5 states that the Lender (defined term in the Note) is GMAC Mortgage Corporation DBA ditech.com. The Note has a blank endorsement, (Pay to the Order of with no name completed). No testimony or documentation was provided that Green Tree Servicing, LLC is in possession of various notes endorsed in blank for this client or other clients. A copy of an unrecorded Corporate Assignment of Deed of Trust (with various non–consumer appearing information redacted with a marker) is attached to Proof of Claim No. 5. This unrecorded Assignment of Deed of Trust states that Mortgage Electronic Registration Systems, Inc., as Nominee for GMAC Mortgage, assigns the Deed of Trust to Green Tree Servicing, LLC (and what appears to be another entity whose name is redacted out with a marker). See Cervantes v. Countrywide Home Loans, Inc. et. al., 656 F.3d 1034 (9th Cir. 2011); Seidell v. Tuxedo Land Co., 216 Cal. 165, 170 (1932); Carpenter v. Longan, 83 U.S. 271, 274 (1872); and Cal. Civ. Code § 2936 (concerning the inability to separate the lien from the person who is owed, or has the right to enforce, the debt). FN.1.

_____
FN.1. Notwithstanding what has long been the law in California, in one case Green Tree Servicing, LLC wrongly argued that it was the creditor, stating,

In response to the Courts concerns regarding the nature of Green Trees interest in the property, Green Tree submits that the subject deed of trust was assigned to Green Tree on December 3, 2011. Therefore, Green Tree is a creditor, as defined by § 101(10) and has standing to bring the Motion [for relief from the automatic stay].

In re Matthew and Kristi Separovich, E.D. Cal. Case No. 11–42848; Response to Order to Show Cause, Dckt. 49. While a loan servicing company may have standing to bring a motion for relief from the automatic stay so that the servicing company, its principal (the creditor), and successors in interest may enforce lien rights, such standing does not a creditor make.
_____

The court found it necessary to order Green Tree Servicing, LLC, and the attorneys at MALCOLM CISNEROS to appear and present evidence of Green Tree Servicing, LLC to be the creditor for Proof of Claim No. 5 and the right to modify, in its own name and not in the representative capacity of the creditor, the Note as provided in the Loan Modification Agreement.

If Green Tree Servicing, LLC was not the creditor when Proof of Claim No. 5 was filed, then it appears that it was violating the prior order of this court as well as making false statements under penalty of perjury in the proof of claim. Further, by perpetrating such fraud in the Loan Modification, it could well be that Green Tree Servicing, LLC is actively participating with its creditor clients to mislead consumers into thinking that they have entered into bona fide loan modification. Then, when advantageous the creditor (or primary, secondary, tertiary, or more remote assignee debt buyer), such as an increase in the value of real estate, the actual creditor could deny the loan modification, assert that Green Tree Servicing, LLC was never authorized to make the modification, and demand more money from the consumer under the threat of taking away the consumers home. By that time, Green Tree Servicing, LLC could have been wound down, all of the profits generated disbursed, and be nothing but a shrunken, withered husk from which no recovery could be made for the consumer because of Green Tree Servicing, LLCs unauthorized conduct.

The conduct of a bona fide loan servicer acting as the agent for the principal, the creditor, is a very simple and basic concept. All that the loan servicer has to do is identify the principal in the Loan Modification Agreement and then execute the Loan Modification Agreement for the creditor clearly stating the loan servicers agent status. Such conduct is routine in commercial transactions every day. That Green Tree Servicing, LLC and the attorneys at MALCOLM CISNEROS appear to be actively working to hide the identity of the creditor could well appear to indicate a well–conceived scheme to defraud the consumer debtors, creditors, and the federal court.

GREEN TREE SERVICING LLCS NOVEMBER 2014 RESPONSE

Green Tree Servicing LLC and MALCOLM CISNEROS Law Firm filed a response to the courts Order on November 26, 2014. Dckt. 128.

In the response, the parties state that Green Tree is a creditor in this case because it is the holder of the endorsed promissory note and is entitled to payment on the Note. Green Tree argues that the Debtors loan was acquired from GMAC by FNMA with the servicing right retained by GMAC. The loan was owned by FNMA as of January 31, 2013, when Green Tree purchased the right to service the Debtors loan from GMAC. Effective February 1, 2013, the right to collect payments from the Debtors pursuant to the note and Deed of Trust were transferred to Green Tree pursuant to an Asset Purchase Agreement dated January 31, 2013 between GMAC Mortgage, LLC and Residential Funding Company, LLC as sellers, and Green Tree, Walter Investments Management Corp., and Ocwen, as purchasers. The Note is located at Ally Bank in Waterloo, Iowa, where it has been held since Green Tree acquired the servicing rights from GMAC on January 31, 2013. Ally Bank is a document custodian who maintains the Note in secure facility on behalf of Green Tree.

Green Tree also states that it is contractually entitled to modify the terms of the Debtors Note and deed of trust pursuant to a Limited Power of Attorney whereby FNMA appointed Green Tree as its true and lawful attorney–in–fact via a Limited Power of Attorney between Green Tree and FNMA. Pursuant to the Limited Power of Attorney FNMA appointed Green Tree as its true and lawful attorney–in–fact, and in FNMAs name, place and stead and for its use and benefits, to execute, endorse, and acknowledge all documents customarily and reasonably necessary and appropriate for, among other things, 4. The modification or extension of a mortgage or deed of trust.Dckt. 132, Exhibit 5. Green Tree further argues that the Servicing Guide provides for authorization to modify since it provides that [t]he servicer is authorized to execute legal documents related to. . . mortgage loan modifications. . . for any mortgage loan for which it. . .is the owner of record. Dckt. 132, Exhibit 7.

JANUARY 15 2015 ADDITIONAL RESPONSE

Green Tree Servicing, LLC has provided additional arguments, documents, and evidence to support its contention that it is the creditor and not the agent for the actual creditor. These arguments are:

A.Green Tree Servicing, LLC is the holder of the note which is endorsed in blank, and thereon is the person entitled to payment on the note.

B.Possession of the Note is Ally bank in Waterloo, Iowa.

C.Ally Bank is the custodian of the Note for the owner of the Note, FNMA. A copy of the Custodial Agreement is filed with the court, Dckt. 151.

D.Ally Bank serves temporarily as the custodian for Green Tree Servicing, LLC when it initiates legal proceedings (including bankruptcy matters and claims) in its own name for the FNMA notes it is servicing.

E.The temporary transfer of possession via the custodian holding the Note for Green Tree Servicing, LLC rather than for FNMA is automatic and no act of FNMA or the custodian is required.

F.As the holder of the Note, Green Tree Servicing, LLC can modify the terms of the Note.

G.Though Green Tree Servicing, LLC asserts that it is a creditor and that it is modifying the Note which is the subject of the Debtors motion which generated this order to appear, Green Tree is nota party to Debtors Motion to approve Loan Modification...

Included with the January 15, 2015 Response is a copy of the FNMA Custodial Agreement with Ally Bank. Dckt. 151. Portions of the Custodial Agreement relevant to the current assertion that Ally Bank is the custodian for Green Tree Servicing, LLC and holds possession for Green Tree Servicing, LLC, include:

A. Ally Bank will maintain custody of the Documents on behalf of, and as custodial agent for, Fannie Mae subject to and in compliance with Fannie Maes Guides and Requirements and the applicable MBS Trust Document. Recitals, pg. 3.

B. [t]he parties hereto intend that [Ally Banks] custody of the Documents shall provide Fannie Mae with legal possession thereof, as the term possession is used in the Uniform Commercial Code, at all times upon and after the related Mortgage Loans are acquired by Fannie Mae, except insofar as Fannie Mae may provide. Id.

C. The Custodian [Ally Bank] at all times acts for the sole benefit of Fannie Mae. Section 3, (b).

D. The Custodian will subscribe to the Guides issued by Fannie Mae, which includes the Fannie Mae Servicing Guide. Section 3, (b) and Section 1, (h).

E. All Documents are held solely and Exclusively for Fannie Mae. Subject only to that limitation, Custodian [Ally Bank] shall made disposition of Documents solely in accordance with instructions furnished by Fannie Mae in the Guides, the Requirements, or otherwise by notice from Fannie Mae. Section 6, (a).

F. Section 6(a) notwithstanding, Custodian [Ally Bank] shall release any of the Documents to Lender [Green Tree Servicing, LLC as servicer] from time to time, as required to service the related Mortgage Loans, and as permitted by the Guides and/or Requirements... Section 6, (d).

G. In interpreting the Custodial Agreement, inconsistencies between that Agreement and other documents are resolved in the following hierarchy of controlling documents:

1. The MBS Trust Documents prevail over the Custodial Agreement or Guides.

2. The Custodial Agreement controls over Guides. Section 18, (b).

Green Tree Servicing, LLC has requested that the court take Judicial Notice of FNMA Servicer Guide. Request for Judicial Notice, Dckt. 131 (as part of the November 2014 Response). This request is made pursuant to Federal Rule of Evidence 201. The Request does not state how the FNMA Guide is something subject to judicial notice.

While the FMNA Servicer Guide does not appear to be something for which a court may properly take judicial notice limited to a non–adjudicative fact which is not subject to reasonable dispute because it (1) is generally known within the trial courts territorial jurisdiction ro can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned. Fed. R. Evid. 201(a) and (b). However, Brian Corey, a senior vice president for Green Tree Servicing, LLC provides his testimony under penalty of perjury that a true and correct copy of the relevant excerpt of he Guide, as used by Green Tree Servicing, LLC in performing its duties, is provided as Exhibit 7 to the Request for Judicial Notice. This document, as authenticated by Mr. Corey, is considered by the court in connection with the later provided Custodial Agreement.

The FMNA Guide for Servicers (Exhibit 6, Dckt. 132), provides:

A. Fannie Mae is at all time the owner of the mortgage note... A2–1–04 Introduction.

B. In addition, Fannie Mae at all times has possession of and is the holder of the mortgage note, except in the limited circumstances expressly described in this topic. Id.

C. If Fannie Mae possess the note through a document custodian, the document custodian has custody of the note for Fannie Maes exclusive use and benefit. Id.

D. In order to ensure that a servicer is able to perform the services and duties incident to the servicing of the mortgage loan, Fannie Mae temporarily gives the servicer possession of the mortgage note whenever the servicer, acting in its own name, represents the interests of Fannie Mae in foreclosure actions, bankruptcy cases, probate proceedings, or other legal proceedings. Id.

E. This temporary transfer of possession occurs automatically and immediately upon the commencement of the servicer's representation, in its name, of Fannie Mae's interests in the foreclosure, bankruptcy, probate, or other legal proceeding. Id.

F. When Fannie Mae transfers possession, if the note is held by a document custodian on Fannie Mae's

behalf, the custodian has possession of the note on behalf of the servicer so that the servicer has constructive possession of the note and the servicer' shall be the holder of the note and is authorized and entitled to enforce the note in the name of the servicer' for Fannie Mae's benefit. Id.

G.At the conclusion of the servicer's representation of Fannie Mae's interests in the foreclosure, bankruptcy, probate, or other legal proceeding, or upon the servicer ceasing to service the loan for any reason, possession automatically reverts to Fannie Mae, and Fannie Mae resumes being the holder for itself, just as it was before the foreclosure, bankruptcy, probate, or other legal proceeding. If the servicer has obtained physical possession of the original note, it must be returned to Fannie Mae or the document custodian, as applicable. Id.

Green Tree Servicing, LLC has also asserted that it is empowered to modify the Note pursuant to the Limited Power of Attorney given to it by FNMA. Response filed November 26, 2014, pg. 2:23–28, 5:4–13, 8:19–21.Dckt. 128. A copy of the Limited Power of Attorney is provided as Exhibit 5 to the request for Judicial Notice, Dckt. 131. Again, Green Tree Servicing, LLC does not explain why a court would take judicial notice of a power of attorney, but in his Declaration Brian Corey testifies under penalty of perjury that the Limited Power of Attorney is a true and correct copy of the one given by GNMA to Green Tree Servicing, LLC. Declaration 8, Dckt. 134.

The Limited Power of Attorney provides,

A.GNMA grants a power of attorney to Green Tree Servicing, LLC to be its [FNMAs] true and lawful Attorney–in–Fact, and in its [FNMA] name, [FNMAs] place, and [FNMAs] stead and for its [FNMA] use and benefit, to execute, endorse, and acknowledge all documents customarily and reasonably necessary and appropriate for:

1.the release of a borrower from personal liability under the mortgage or deed of trust following an approved transfer of ownership of the security property;

2.the full satisfaction or release of a mortgage or the request to a trustee fora full reconveyance of a deed of trust;

3.the partial release or discharge of a mortgage or the request to a trustee for a partial reconveyance or discharge of a deed of trust;

4.the modification or extension of a mortgage or deed of trust;

5.the subordination of the lien of a mortgage or deed of trust;

6.[foreclosure proceedings];

7.[conveyance of properties to mortgage insurers or MERS];

8.tho assignment or endorsement of mortgages, deeds of trust or promissory notes to [mortgage insurers or MERS].

B.FNMA gives to [Green Tree Servicing, LLC] full power and authority to execute such instruments and to do and perform all and every act and thing requisite, necessary and proper to carry into effect the power or powers granted by or under this Limited Power of Attorney...

DISCUSSION

The court discerns from Green Trees response that they are alleging two situations in which they are authorized to enter into loan modifications: (1) under the Limited Power of Attorney Agreement with FNMA; and (2) as the holder of the endorsed promissory note.

The Limited Power of Attorney Agreement (Dckt. 132, Exhibit 5) states Green Tree is the lawful Attorney–in–Fact for FNMA in its name, place and stead and for its use and benefits, to execute endorse, and acknowledge all documents customarily and reasonably necessary and appropriate for:. . . 4. The modification or extension of a mortgage or deed of trust. The Limited Power of Attorney itself acknowledges that the mortgage or deed of trust is different from the promissory note it secures. See Paragraph 8 of Limited Power of Attorney which states [emphasis added], the assignment or endorsement of mortgages, deeds of trust, or promissory notes to [FMHA and other identified entities].... Exhibit 5, Dckt. 132.

However, the Limited Power of Attorney does not state that Green Tree has the authorization to modify the

underlying obligation. Instead, it merely states that it may modify the security instruments of the underlying obligation. The same holds true for the Servicing Guide, which only addresses the security instrument and not a modification of the underlying obligation.

The Limited Power of Attorney in one part expressly distinguishes between a mortgage, deed of trust, and promissory note, and in another expressly stating that Green Tree Servicing, LLC is empowered only to modify the mortgage or deed of trust. The court cannot find Green Tree Servicing, LLCs contention that the Limited Power of Attorney give it essentially carte blanche authority to execute modifications of promissory notes in its own name is supported by the Limited Power of Attorney. Even if the court were to stretch the language to include the term promissory note in the modification paragraph where only mortgage and deed of trust is stated, the Limited Power of Attorney required Green Tree Servicing, LLC to act in the name of FNMA, not in the name of Green Tree Servicing, LLC.

Green Tree Servicing, LLC as the Holder of the Note

From the Custodial Agreement and Servicer Guide, it appears that FNMA and Green Tree Servicing, LLC may have created a situation where the note moves from the owner, FNMA, to a holder, Green Tree Servicing, LLC, without there being overt manifestation of Green Tree Servicing, LLC taking possession of the note. This possession turns on how and what duties that Ally Bank, the custodian under the Custodial Agreement, performs its duties and to whom it looks to as its principal.

As the parties are well aware, the U.S. Constitution, Art. III, Sec. 2, requires that a federal court have before it the real parties in interest and an actual case or controversy between those parties. Elk Grove Unified Sch. Dist. V. Newdow, 542 U.S. 1, 11–12 (2004). Here, Green Tree Servicing, LLC asserts that it is the real party in interest who has the right to enforce, and modify, the note. Therefore, it may execute a contract with Debtor for purposes of having that contract presented to the court.

The court begins with the legal argument presented by Green Tree Servicing, LLC that it is the holder of the Note, and as the holder may modify the Note. Green Tree Servicing, LLC directs the court to the California Commercial Code to support its standing to enforce, and modify, the Note as the holder.

A promise or order payable to an identified person, in this case GMAC Mortgage Corporation DBA Ditech.com (see promissory note attached to Proof of Claim No. 5), may become payable to the bearer if endorsed in blank pursuant to California Commercial Code § 3205(b). Cal. Com. Code § 3109(c). A blank endorsement is one in which the endorsement does not identify the person to whom it makes the instrument payable. Cal. Com. Code § 32015(a), (b). The Note attached to Proof of Claim No. 5 is such a blank endorsement, with no name filed in following the words Pay to the Order of. Proof of Claim No. 5.

The person entitled to enforce an instrument, the Note in this case, includes the holder of the instrument. Cal. Com. § 3301. The Commercial Code defines holder to be,

(21) Holder,:

(A) means the person in possession of a negotiable instrument that is payable either to bearer or, to an identified person that is the person in possession; or

(B) the person in possession of a document of title if the goods are deliverable either to bearer or to the order of the person in possession.

Cal. Com. 1201(21). Here, Green Tree Servicing, LLC asserts that it, through the custodian under the Custodial Agreement, is in possession of the Note which is made payable to bearer (being endorsed in blank).

Green Tree Servicing, LLC asserts that is has possession of the Note by virtue of it being physically in possession of Ally Bank, with Ally Bank serving as Green Tree Servicing, LLCs agent. Consideration of that contention begins with the Custodial Agreement by which Ally Bank undertakes the obligations to serve a principal.

The Custodial Agreement (Dckt. 151) first provides that Ally Bank will be the custodial agent for FNMA. It will so serve, subject to the Guides and MBS Trust Document. (Custodial Agreement Recitals.)

Without qualification, in Paragraph 3(b) of the Custodial Agreement Ally Bank is required to at all times it acts for the sole benefit of FNMA. Further, that all documents (which includes the Note at issue) are held solely and exclusively for [FNMA]. Custodial Agreement 6(a).

However, the facially absolute possession of the documents for FNMA required by Paragraph 6(a), Ally Bank, as custodian, is to release documents to Green Tree Servicing, LLC as servicer as permitted by the Guides. Custodial Agreement 6(d). Any release of documents to the servicer requires a requested on a form designated by FNMA.

On its face, the Custodial Agreement permits Ally Bank, as custodian, to release (deliver physical possession of) documents to Green Tree Servicing, LLC when properly requested. Green Tree Servicing, LLC directs the court to page 3 of the Custodial Agreement for the proposition that Ally Banks duties as custodian are subject to FNMAs Guides and Requirements, which would include the Servicer Guide. Response filed January 15, 2015, Dckt. 149. The word Guides is defined in the Custodial Agreement to include the FNMA Servicing Guide. Custodial Agreement, Definitions, 1(h).

The FNMA Guide for Servicers provides for an automatic, non–physical change in possession of a note held by custodian Ally Bank, removing from the possession of FNMA and giving possession to the servicer. Exhibit 6, Dckt. 132. This change in possession, and the servicer having the right to possession of the note over FNMA occurs automatically whenever whenever the servicer, acting in its own name, represents the interests of Fannie Mae in foreclosure actions, bankruptcy cases, probate proceedings, or other legal proceedings. Id. The guide expressly provides, "This temporary transfer of possession [of the note to Green Tree Servicing, LLC] occurs automatically and immediately upon the commencement of the servicer's representation, in its name, of Fannie Mae's interests in the foreclosure, bankruptcy, probate, or other legal proceeding." Id. Only At the conclusion of the servicer's representation of Fannie Mae's interests in the foreclosure, bankruptcy, probate, or other legal proceeding... does possession of the note return to FNMA. Id.

What is painfully obvious to any person, business, judge, quasi–governmental entity, regulator, and elected official is that the residential mortgage process was the subject to misfeasance and malfeasance in the 2000's. From liar loans, to big to fail government bank bailouts, robo–signing of declarations, and through to the recent regulatory action and consent agreements by various loan servicers, it is clear that better practices are in order. Here, FNMA and Green Tree Servicing, LLC have created a contractual shifting of possession for which there is no shown internal documentation or notice. It appears that Ally Bank, at any point in time, can have no idea for whom it is the fiduciary in holding possession of the notes. Further, FNMA may not have knowledge of notes for which it does not have possession.

When Green Tree Servicing, LLC chooses to file a Proof of Claim, motion, have a contract presented to the court for approval, object to a plan, or otherwise appear in a bankruptcy case as a creditor, it is a party in that case. Thus, by operation of the Guide and Custodial Agreement, the possession of the note by Green Tree Servicing, LLC throughout the five years of the Chapter 13 case (or possibly the decades of a Chapter 11 case).

For there to be some order in bankruptcy cases, there are several, simple steps which Green Tree Servicing, LLC (and other servicers who assert to be automatically in possession of notes held by an agent of the owner though the unilateral act of the servicer) needs to take for there to be judicial order in these federal proceedings. Merely because a copy of a note endorsed in blank is attached to the proof of claim, that does not demonstrate the average loan servicer is in possession of the note.

The is court has dealt with servicers who were not the actual creditor (either transferee of the debt or holder of the endorsed in blank note), which has included Green Tree Servicing, LLC when representing other clients, but who misrepresented to the court, debtor, and other parties in interest that the servicer was the creditor. This led to potentially defective service of process and ineffective court orders being issued in the name of the servicer.

Federal Rule of Bankruptcy Procedure 3001 specifies what is required for a proof of claim. The writing upon which the claim is based and documents showing perfection of the lien must be attached. For holders such as Green Tree Servicing, LLC who can self–effectuate a change in possession of a note held by a third–party custodian, disclosing (1) how it is in possession and (2) the custodian is important information which can be supplied with a minimal effort.

Green Tree Servicing, LLC and FNMA should also recognize that once Green Tree Servicing, LLC elects to act as the creditor based on being the holder of the note in a bankruptcy case, that transfer of possession can well be effective for a number of years. Further, that debtors, creditors, the U.S. Trustee and other parties in interest may well take action against the holder which could significantly effect whatever interests and rights FNMA may have after possession is returned to it.

This court will not create, or subject Green Tree Servicing, LLC, to a special set of better practices for creditors submitting claims in this situation. While the good faith, bona fide business reasons for not acting

as the agent and fairly disclosing to the generally least sophisticated consumer debtors with whom they are actually contracting, but instead hide the identity of the creditor mystifies the court, Green Tree Servicing, LLC and FNMA can make that business decision. If, through sloppy business practices a servicer misrepresents it has possession or the creditor (or subsequent assignee of the creditor) disputes that the servicer had possession or the right to enforce the note, there are significant civil and criminal consequences to filing inaccurate pleadings and proofs of claims.

The court discharges the Order to Appear. The above concerns will be forwarded to the rules committee and District Court for consideration of these practices in the federal courts.

In discharging the Order to Appear the court makes no determination as to the effect of the Custodial Agreement and Guides, or whether under the specifics of this case Green Tree Servicing, LLC is actually in possession of a note endorsed in blank. Green Tree Servicing, LLC and its attorneys have made such representations to the court. Absent a party in interest believing or having information that such representations are incorrect, the court does not litigate those issues.